D. Maimon Kirschenbaum
Denise A. Schulman
JOSEPH & KIRSCHENBAUM LLP
32 Broadway
Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiffs and proposed Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------x

**ASHLEY FERNANDEZ, PAUL O'LEARY, DOREEN O'LEARY, KAREN MAHLKE, FRANCESA SANTIAGO, ALDO SANTOS, JOSE SANTOS, and OMAR RODRIGUEZ, on behalf of himself and all others similarly situated,**

          **Plaintiffs,**

          **v.**

**RESTAURANT PAYSERVE OF AMERICA, LLC and STARR RESTAURANTS CATERING GROUP, LP, d/b/a STEPHEN STARR EVENTS,**

          **Defendants.**
-----------------------------------------------------x

**INDEX NO.**

**COMPLAINT**

**RULE 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**

Plaintiffs, on behalf of themselves and all others similarly situated, allege as follows:

<u>**JURISDICTION AND VENUE**</u>

1.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) because at least one potential class member is a citizen of a state different from one defendant and, upon information and belief, the amount in controversy exceeds $5,000,000.

1

2.      Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3.      All Defendants are hereinafter collectively referred to as "Defendants."

4.      Defendant Restaurant Payserve of America, LLC ("Payserve") is a Pennsylvania limited liability company.  Upon information and belief, Payserve's principal place of business is 134 Market Street, Philadelphia, PA 19106.

5.      Payserve issues Plaintiffs' and, upon information and belief, all Class Members' paychecks.  Payserve is listed as the employer on Plaintiffs' and, upon information and belief, all Class Members' paychecks.  As such, Payserve was Plaintiffs' and the Class Members' employer at all relevant times.

6.      Defendant Starr Restaurants Catering Group, LP ("Starr") is a Delaware limited partnership.  Upon information and belief, Starr's principal place of business is 134 Market Street, Philadelphia, PA 19106.

7.      Upon information and belief, Starr operates catering services in New York, Philadelphia, Miami, and the Berkshires under the d/b/a Stephen Starr Events.  Stephen Starr Events is the exclusive caterer at a number of New York venues, including Carnegie Hall, the New York Historical Society, and the Rubin Museum of Art, all in New York, NY, and the New York Botanical Garden, in Bronx, NY.  Stephen Starr Events also provides "off-premise" catering to other New York locations.  As such, Starr was Plaintiffs' and the Class Members' employer at all relevant times.

8.      Stephen Starr Events maintains a website – stephenstarrevents.com – that provides information about their services in all of their locations.  The website provides a single contact phone number and e-mail address for all private event inquiries in New York.

9.      There is a single career website for Stephen Starr Events and the related entity Starr Restaurants that lists job openings at all locations for both entities.  A current listing on that website for a New York Senior Catering Sales Manager for Stephen Starr Events lists as the position's first primary responsibility, "Sell events in their exclusive venues and off premise locations/private residences[.]"

10.     Upon information and belief, Payserve and Starr are part of a single integrated enterprise that employed Plaintiffs and similarly situated employees at relevant times.

11.     Plaintiffs have been employed by Defendants as captains, servers, and/or bartenders from February 2014 to the present.  In that time, Plaintiffs have worked at the New York Botanical Garden.

12.     Plaintiffs are citizens of New York.

## RULE 23 CLASS ALLEGATIONS

13.     Plaintiffs bring the First and Second Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all employees who provide direct customer service, including but not limited to captains, servers, and bartenders, employed by Defendants in New York on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

14.     All said persons, including Plaintiff, are referred to herein as the "Class."  The Class Members are readily ascertainable.  The number and identity of the Class Members are determinable from the records of Defendants.  The hours assigned and worked, the positions

held, and the rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under said F.R.C.P. 23.

15.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than fifty (50) members of the Class.

16.     Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.  All the Class Members were subject to the same corporate practices of Defendants, as alleged herein, of illegal retention of tips and failing to provide required wage notices.  Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member.  Plaintiffs and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

17.     Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.  Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

18.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where

individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

19.     Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree

of anonymity which allows for the vindication of their rights while eliminating or reducing these

risks.

20.     There are questions of law and fact common to the Class which predominate over

any questions affecting only individual class members, including:

a)     Whether Defendants employed Plaintiffs and the Class Members within

the meaning of the New York law.

b)     Whether Defendants illegally retained portions of Plaintiffs' tips and the

Class Members' tips.

c)     Whether Defendants failed to give Plaintiffs and the Class Members the

wage notices required under New York law.

## FACTS

21.     Defendants committed the following alleged acts knowingly, intentionally and

willfully.

22.     Defendants knew that retaining Plaintiffs' and Class Members' tips would

economically injure Plaintiffs and violated federal and state laws.

23.     Defendants charged catering event hosts gratuities equal to a fixed percentage of

food and beverage charges.  Defendants referred to these charges variously as "service charge,"

"personnel," "personnel fee," and "staffing charge."  On many contracts and invoices, no further

explanation of the charge was provided.  On some contracts, a purported disclaimer stated that

the charge was not a gratuity but covered labor expenses for staffing the event.  This purported

disclaimer was not provided in 12 point font.  In addition, the purported disclaimer was not

included on the invoices.

24.     Defendants instructed service employees to say to event guests who offered them gratuities, "Thank you but that's not necessary, your host has provided for the staff."  Service employees were permitted to accept gratuities only if the guest insisted on paying the gratuity after the employee made the statement noted above.

25.     Defendants retained the fixed gratuities in their entirety instead of distributing them to Class Members.

26.     Defendants did not provide Plaintiffs or, upon information and belief, Class Members, with the wage payment notices required by N.Y. Lab. L. § 195(3). For example, for at least part of the relevant time period, Plaintiffs' wage notices did not include their rate(s) of pay, dates of work covered by each paycheck, or the employer's phone number.

27.     Defendants committed the foregoing acts against the Plaintiff, the FLSA Collective Plaintiffs, and members of the Class.

### FIRST CLAIM FOR RELIEF
**(Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d**
**Brought by Plaintiffs on Behalf of Themselves and the Class)**

28.     Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all previous paragraphs.

29.      Defendants retained gratuities paid by their catering event customers.

30.     Plaintiffs, on behalf of themselves and the Class Members, seek damages in the amount of their respective withheld gratuities, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(Notice Violations, N.Y. Lab. L. §§ 195, 198**
**Brought by Plaintiffs on Behalf of Themselves and the Class)**

31.     Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all previous paragraphs.

32.     Defendants failed to provide Plaintiffs and the Class Members with the wage notices required by N.Y. Lab. L. § 195(3).

33.     As a result of Defendants' unlawful conduct, Plaintiffs are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiffs, on behalf of themselves and members of the Class, pray for relief as follows:

A.     Designation of this action as a class action pursuant to F.R.C.P. 23.

B.     Designation of Plaintiffs as Representatives of the Class.

C.     An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

D.     Penalties available under applicable laws;

E.     Costs of action incurred herein, including expert fees;

F.     Attorneys' fees, including fees pursuant to N.Y. Lab. L. § 198 and other applicable statutes;

G.     Pre-judgment and post-judgment interest, as provided by law; and

H.     Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:  New York, New York          Respectfully submitted,
        July 7, 2015
                                    JOSEPH & KIRSCHENBAUM LLP

                                    By: /s/ D. Maimon Kirschenbaum
                                    D. Maimon Kirschenbaum
                                    Denise A. Schulman
                                    32 Broadway
                                    Suite 601
                                    New York, NY 10004
                                    Tel: (212) 688-5640
                                    Fax: (212) 688-2548

                                    *Attorneys for Plaintiffs and proposed Class*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.